(R.D. 11342)

THE A. W. FENTON CO., INC. *v.* UNITED STATES

MEMORANDUM TO ACCOMPANY ORDER

DENYING PLAINTIFF'S SECOND MOTION TO

VACATE AND SET ASIDE THE ORDER OF DISMISSAL DATED

FEBRUARY 18, 1963

(Dated July 27, 1967)

*Allerton deC. Tompkins* for the plaintiff.
*Carl Eardley*, Acting Assistant Attorney General (*Steven R. Sosnov*) for the defendant.

WILSON, Judge: The present proceeding involves a second motion to vacate and set aside an Order entered on February 18, 1963, dismissing the appeals above referred to and specifically listed on schedule A, attached hereto and made a part hereof.

Before discussing the pending motion for dismissal, it is necessary for a proper understanding of the situation involved to give a review of the former proceedings in the case and of the disposition of the previous motion to dismiss. The undisputed facts in this case indicate that the plaintiff, The A. W. Fenton Co., Inc., now is, and at all times heretofore mentioned, was a customs broker in Cleveland, Ohio. In its capacity as customs broker said Fenton company was engaged .

by Sharwell Brothers Shoe Company, hereinafter referred to as Sharwell, and Sharyama, Inc., hereinafter referred to as Sharyama, both of Cleveland, Ohio, to arrange for customs entry and clearance of certain shipments of rubber boots. Accordingly, and upon specific oral instructions from said Sharwell and Sharyama, the Fenton company, plaintiff herein, filed certain entries in its own name on behalf of said consignees, Sharwell and Sharyama. There is no question but that these filings were timely. Thereafter statutory notices of appraisement announcing advances in dutiable values were addressed to and received by plaintiff.

On April 12, 1962, the plaintiff, Fenton, sent to both Sharwell and Sharyama, the actual importers, copies of the appeals filed in the above cases, and also advised Sharwell and Sharyama in a letter of transmittal as follows:

It is our suggestion that you immediately refer these matters to the Customs attorney of your choice and give him full facts and information, so that he can prepare the necessary evidence that will be required to successfully handle the appeals when they are called for trial in the United States Customs Court.

Edwyn Sharwell, then an officer of both importers according to the affidavit of R. W. Gresham, secretary-treasurer of The A. W. Fenton Co., Inc., ignored the foregoing communication and notices.

The appeals were set in regular course for hearing on the Cleveland, Ohio, calendar for November 15, 1962, and due notice of said hearings admittedly was sent to and received by the plaintiff. A day or two prior to November 15, 1962, Mr. Gresham called Mr. Edwyn Sharwell and advised him that the hearings were set for November 15, 1962, and that something would have to be done in connection with the hearings. Edwyn Sharwell, according to Gresham's affidavit, called at the Fenton office and was told by Gresham that if he wanted a continuance he had better confer with the attorney for the United States. In a separate affidavit filed herein in connection with the second motion, Edwyn Sharwell alleges that he did see some Government attorney (no name given) and told said attorney it was necessary to have a continuance of the cases. These is nothing in the affidavit, however, to indicate that a specific or definite understanding was reached with said attorney on any action to be taken. Certainly the matter was never called to the attention of the court because the records indicate that the action taken by the court on November 15, 1962, was in response to a motion made by an attorney for the United States to dismiss the appeals in question because of the failure of the plaintiff to appear and prosecute.

When no appearance was made by the plaintiff or on its behalf, counsel for the Government moved to dismiss the appeals. The clerk's entry on the calendar of said November 15, 1962, reads as follows:

No APPEARANCE BY PLAINTIFF. Government motion to dismiss for lack of prosecution granted.

The same calendar indicates that on said November 15, 1962, Tompkins & Tompkins, present counsel for plaintiff, appeared of record as attorneys for Sharyama, Inc., and Sharwell Brothers Shoe Company in numerous cases which were disposed of by suspension.

On February 18, 1963, a written judgment was entered in the United States Customs Court in the above-entitled appeals dismissing them in accordance with the oral motion and order made in open court in Cleveland, Ohio, on November 15, 1963. Admittedly a certified copy of said dismissal was sent February 18, 1963, to and received by the plaintiff, The A. W. Fenton Co., Inc., on February 20, 1963. No action was taken by said plaintiff, however, until the 15th day of August 1963, about 6 months after the entry of the written judgment of dismissal and after the notice of said dismissal had been given to and received by the plaintiff, when plaintiff's first motion was filed which asked for an order vacating the judgment of dismissal of February 18, 1963, and for a rehearing.

On December 16, 1964, the trial judge denied the motion for a rehearing and refused to set aside the order and judgment of February 18, 1963. Thereafter, Fenton, as the appellant, made application to the Second Division of the United States Customs Court, Appellate Term, for a review of the order of the trial court rejecting the motion for a rehearing and for an order setting aside the dismissal of February 18, 1963. This resulted in a dismissal of the application for review. *The A. W. Fenton Co., Inc.* v. *United States*, 54 Cust. Ct. 781, A.R.D. 184. Appellant then filed an application for review in the Court of Customs and Patent Appeals. Thereafter, the Appellate Court (C.A.D. 884) found against the appellant and confirmed the order of the Second Division dismissing appellant's application for review. An application for a writ of certiorari to the Supreme Court was denied December 5, 1966 (Sup. Ct. No. 627). Thereafter, judgment in conformity with the decision of the Court of Customs and Patent Appeals was entered in the United States Customs Court on February 21, 1967.

In the face of the foregoing factual situation, the current or second motion was filed in this court on the 9th day of May 1967, again asking that the order and judgment entered in the above entitled case of February 18, 1963, be vacated, and set aside, and that a rehearing be granted in this matter. In this second motion, the parties are the same, the merchandise is the same as in the previous motion, and the

613

facts are identical. The pending motion was signed as follows "Sharwell Brothers Shoe Company, Sharyama, Inc. and The A. W. Fenton Co., Inc. by A. Tompkins, attorney for plaintiff." There has been no change in the name of the plaintiff in the instant case as compared with the plaintiff in the first motion. A search of the records of the United States Customs Court indicates that Mr. Tompkins has never entered his appearance in these cases for anybody except on behalf of plaintiff, The A. W. Fenton Co., Inc. No attempt has been made by anybody to make Sharwell Brothers Shoe Company and Sharyama, Inc., or either of them, parties to this action. They are dragged in by the hair of the head by counsel reciting their names in the motion and adding their names at the end of the motion to which he signed his name, merely as attorney for plaintiff, and not as attorney for Sharwell or Sharyama or either of them. It should be emphasized that the facts indicate that Sharwell and Sharyama evidently went out of business in Cleveland and exhibited practically no interest in the cases. It was only after the entries had been liquidated and duties amounting to some $77,800 had been imposed on the basis of increased appraised values that the Fenton company came to life and then tried to revive interest on the part of Sharwell and Sharyama. The Fenton company was authorized to file the appeals.

By way of a resume of the factual situation, it should be pointed out that due notice to the Fenton company, individually and as agents for Sharwell and Sharyama, was given of all proceedings held in these cases, and Sharwell and Sharyama had written notice of the filing of the appeals in April 1962 and also notice that they should take action to protect their interests, if any, in the appeals. The consignees did nothing whatever for 7 months when they were again prodded by Fenton by telephone of the urgency of the situation a day or two before the hearing of November 15, 1962. No effort was evidently made to determine what was done with the cases on the Cleveland calendar on November 15, 1962, although present counsel for the Fenton company disposed of numerous cases for Sharwell and Sharyama and another customs broker on said 15th day of November 1962.

Even 179 days after the written judgment of dismissal was entered on February 18, 1963, no action had been taken by the plaintiff or anyone else to seek relief.

The situation in these cases would indicate classical examples of the application of law of laches and estoppel, if any of the parties are now entitled to be heard in court at all under all the facts after it seems that the court on August 15, 1963, and at all times since, has been without jurisdiction to take action in these cases because of the passage of the time fixed by statute for taking action.

The contention of the plaintiff that a customhouse broker cannot prosecute action as agent of the importer, as provided in section 501, is without merit. In the case of *Frederick Richards* v. *United States*, 24 CCPA 243, T.D. 48670, it was held

\* \* \* that appellant, a customhouse broker, in view of all the facts appearing of record, may properly prosecute the petition for remission of additional duties, filed in the name of appellant for the account of Chas. H. Stone, the purchaser and owner of the merchandise involved \* \* \*

and that a petition by the appellant customhouse broker should not have been dismissed on motion of the Government.

In these appeals the real party in interest is properly designated as The A. W. Fenton Co., Inc., who filed as authorized agent for the consignees as provided in section 501 of the Tariff Act of 1930. No owners' declarations have ever been filed by Sharwell and Sharyama. The Fenton company signed the appeals by direct verbal authorization of the said consignees. Some point is raised about a form for filing an appeal provided by the Treasury Department being inadequate; this will be dismissed without merit because the law does not require that any such form be provided or used.

Between the lines in this action one cannot help read the concern of the customs broker over the assessment of the additional duties. See *Stan Newcomb and Barbara Todd* v. *United States*, 37 CCPA 18, C.A.D. 413; *Hoenig Plywood Corp. et al.* v. *United States*, 41 Cust Ct. 607, 611, A.R.D. 91. That has no bearing upon the merits in this case, particularly as to whether the court herein had original jurisdiction. That cannot be denied, nor can it be denied that by the time The A. W. Fenton Co., Inc., filed its original motion to set aside the judgment of February 18, 1963, that is, on August 15, 1963, the court had lost jurisdiction to proceed further in this case.

In view of the fact that nothing has been presented to indicate that the court was without jurisdiction when it entered the judgment of dismissal on February 18, 1963, the court now finds it is without jurisdiction to grant the second or current motion vacating the judgment of February 18, 1963. The said motion to vacate and grant a new hearing will, therefore, be denied. An order to that effect is simultaneously entered herewith which this memorandum is to accompany.